UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 20-2973 PA (AGRx) | Date | May 11, 2020 |
|---|---|---|---|
| Title | Laurelwood Cleaners, LLCMay 11, 2020 v. American Express Company et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Laurelwood Cleaners, LLC ("Plaintiff"). (Dkt. 23 ("Mot.").) Defendants American Express Company and American Express Travel Related Services Co., Inc. ("Defendants" or "Amex") filed an Opposition and Plaintiff filed a Reply. (Dkts. 31 ("Opp.") and 35.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. For the reasons discussed below, the Court denies the Motion to Remand, but finds that Defendants have failed to establish complete diversity of the parties in this action. Therefore, the Court remands this action for lack of subject matter jurisdiction.

## I.     BACKGROUND

On February 28, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV7952. (Dkt. 1 ("Removal") ¶1.) The Complaint states claims for relief under (1) California's Cartwright Act, Bus. & Prof. Code § 16720, and (2) California's Unfair Competition Law, Bus. & Prof. Code § 17200. (Id. at Ex. B ("Compl.") at 1.) Plaintiff alleges Amex has violated California antitrust law and seeks a public injunction preventing Amex from imposing its anti-steering rules and no-surcharge rules against California merchants. (Id. at ¶¶ 1, 2.) According to Plaintiff, Amex's rules prohibit merchants from encouraging their customers to use forms of payment that are cheaper to the merchant than American Express cards. (Id. at ¶3.) If merchants were able to steer, then they would incur lower card-acceptance costs and would pass the savings on to their customers, thereby benefitting the general public. (Id.) On March 30, 2020, Defendants removed the action to this Court. Defendants allege the Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. (Id. at ¶4(a).) Plaintiff has now filed a Motion to Remand.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2973 PA (AGRx) | Date | May 11, 2020 |
|---|---|---|---|
| Title | Laurelwood Cleaners, LLCMay 11, 2020 v. American Express Company et al. | | |

party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### III. ANALYSIS

#### A. Motion to Remand

Plaintiff argues its claims are not justiciable in this Court because it seeks a public injunction on a non-class basis for the benefit of third parties. (Mot. at 6.) Plaintiff seeks relief in this case for "the entire universe of American Express-accepting merchants in California—all of whom would benefit from the public injunction Laurelwood seeks." (Id. at 7 (quotations omitted).) Plaintiff contends that none of the recognized exceptions to the prohibition against third-party standing (e.g., class action exception, qui tam exception) apply here. (Id. at 8-11.) Moreover, Plaintiff has no relationship to the other California merchants who will benefit from the public injunction sought, and there is no hindrance to these merchants' ability to protect their own interests. (Id. at 12.) Therefore, Plaintiff lacks standing to pursue this action in federal court and its claims should be remanded.

The Court concludes Plaintiff's basis for remand is insufficient. Even if Plaintiff lacks standing in this Court to secure a public injunction on behalf of all third-party merchants, it still has Article III standing to secure injunctive relief for individual harms suffered as a result of Amex's anti-steering rules. (See Compl. ¶¶42-43 (establishing Plaintiff has suffered injury-in-fact and contending that "in the absence of the Anti-Steering Rules, [Plaintiff] would be more readily able to steer customers to use cheaper means of payment and American Express's discount rates would be lower.").) Thus, it may be the case that Plaintiff's claims are justiciable in this Court only to the extent it asserts claims on its own behalf, and it is possible the Court may issue a narrower injunction than Plaintiff desires. Under such circumstances, Plaintiff's potential lack of standing to assert third-party claims is insufficient, without more, to support remand. Compare Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1006 (9th Cir. 2001) ("The district court lacks jurisdiction to decide only some, but not all, of Lee's claims; the court, therefore, could not have remanded Lee's entire case.").

Moreover, as Defendants correctly point out, the remand statute does not provide for remand based on non-jurisdictional, prudential limitations on standing. (Opp. at 28.) Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Here, Defendants have removed on the basis that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's potential lack of standing has no bearing on the diversity jurisdiction analysis. In fact, the Ninth Circuit has explicitly rejected the notion that a lack of standing as to some claims can destroy diversity jurisdiction and necessitate remand. See Lee, 260 F.3d at 1005 ("Lee's lack of standing only renders his claims against ANTEX nonjusticiable in federal court, but does not alter the presence of complete diversity."). The Ninth Circuit stressed that "Article III standing has nothing to do with the presence of diversity of the parties" and concluded there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2973 PA (AGRx) | Date | May 11, 2020 |
|---|---|---|---|
| Title | Laurelwood Cleaners, LLCMay 11, 2020 v. American Express Company et al. | | |

was no basis to find that "statutory diversity jurisdiction under § 1332 fails if jurisdiction over one defendant fails for a reason other than lack of diverse citizenship." Id. The same basic reasoning applies here.

Finally, the Court notes that several of the cases Plaintiff relies upon do not actually support its contention that this action should be remanded. See, e.g., Adams v. Luxottica U.S. Holdings Corp., 2009 U.S. Dist. LEXIS 130660, at *18-20 (C.D. Cal. July 24, 2009) (remanding for lack of CAFA jurisdiction but finding that Plaintiffs' allegations were "sufficient to show plaintiffs' ability to assert claims on their own behalf" and therefore only dismissing claim "to the extent plaintiffs purport to represent the rights and interests of third parties"); Varadarajan v. United States Cricket Association, Inc., 2012 U.S. Dist. LEXIS 52550, at *16-19 (C.D. Cal. Apr. 13, 2012) (defendant "concedes that CCA has Article III standing for its own claim for relief under the Declaratory Judgment Act," and plaintiffs' claims were dismissed only "to the extent that Plaintiffs seek to reinstate non-party members' voting rights"); Page v. Tri-City Healthcare Dist., 860 F. Supp. 2d 1154 (S.D. Cal. 2012) (remanding case in light of plaintiff's "inability to allege a sufficiently personal, particularized and concrete injury" that would be redressable by a favorable decision—which Plaintiff has successfully alleged in this action). Without more, Plaintiff's Motion to Remand lacks a sufficient basis to support remand. The Court therefore denies Plaintiff's Motion to Remand.

      **B.    Alternative Grounds for Remand**

Although the Court denies Plaintiff's Motion, the Court still concludes that remand is appropriate here because the Notice of Removal fails to provide sufficient allegations for the Court to determine it has diversity jurisdiction. Jurisdiction may be based on complete diversity of citizenship, which requires all plaintiffs to have a different citizenship from all defendants, and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. The citizenship of a partnership or other unincorporated entity—such as a limited liability company—is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). "[T]o properly plead diversity jurisdiction with respect to a limited liability company, the citizenship of all members must be pled." Schweiss v. Greenway Health, LLC, 2019 U.S. Dist. LEXIS 90066, at *4 (C.D. Cal. May 29, 2019) (citing NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606 (9th Cir. 2016)) (emphasis added).

Here, Defendants present the following allegations to establish Plaintiff's citizenship as a limited liability company:

> There is complete diversity because Laurelwood's owners/members are citizens of California, as evidenced by Laurelwood's most recent Statement of Information, attached hereto as Exhibit A, filed with the California Secretary of State on February 26, 2019, which lists Djamchid Ebrahimian as Laurelwood's single "manager/member[]" and provides California addresses for both Djamchid Ebrahimian and Jonathan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2973 PA (AGRx) | Date | May 11, 2020 |
|---|---|---|---|
| Title | Laurelwood Cleaners, LLCMay 11, 2020 v. American Express Company et al. | | |

      Ebrahimian, Laurelwood's alleged "principal owner," see Exhibit B (Compl. ¶ 17).

(Removal ¶4(b)(I); see also Opp. at 14.)  Because Plaintiff's members are natural persons, Defendants must establish that the members are citizens of the United States and are domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  Defendants have only presented two California addresses to suggest that the members are California citizens—but one is the street address for Plaintiff's principal office and the other is Plaintiff's mailing address.  Thus, neither address is sufficient to establish that Plaintiff's members even reside in California.  Without more, the Court has no basis to find that Plaintiff's members, and thus Plaintiff, are California citizens.

      "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Id.  For these reasons, Defendants have not adequately alleged the citizenship of Plaintiff's members, and therefore have not established Plaintiff's citizenship as a limited liability company.

### Conclusion

      The Court denies Plaintiff's Motion to Remand, but finds that Defendants have not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims.  This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 20STCV7952, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.